UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**ANNETTE COMBS,**

        **Plaintiff,**

                                    Case No.:

**v.**

**DURASERV CORP,**

        **Defendant.**

_____/

## DEFENDANT DURASERV CORP'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C § 1332, § 1441, and § 1446, Defendant, DuraServ Corp. ("DuraServ" or "Defendant"), by and through the undersigned counsel, hereby removes the above-styled action from the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, to this Court. Removal is proper on the basis of diversity of citizenship of the parties because DuraServ is a Delaware corporation with its principal place of business in Texas, and Plaintiff is a citizen of Florida. In further support, DuraServ states as follows:

    1.    On June 1, 2023, Plaintiff, Annette Combs ("Plaintiff") filed a complaint against DuraServ in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida styled <u>Annette Combs v. DuraServ Corp</u>, Case No. 23-CA-007047.

    2.    On June 12, 2023, Plaintiff served the Summons and Complaint on

DuraServ. Pursuant to 28 U.S.C. §1446(a), true and correct copies of all pleadings, process, and orders properly served in this action in the state court to date are filed herewith.

3. This Notice of Removal is timely as 30 days have not yet expired since service of the Complaint. See 28 U.S.C. §1446(b).

4. Written notice of the filing of the Notice of Removal to the federal court is being provided to Plaintiff herewith, as required by 28 U.S.C. §1446(d).

5. A true copy of this Notice of Removal is being filed with the Clerk of Court for the Circuit Court in and for Lee County, Florida, as required by law.

## I. JURISDICTION

This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1332. This action could have been filed in this Court pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy is more likely than not to exceed the sum of $75,000, exclusive of interest and costs. As shown below, both requirements have been met.

## II. DIVERISTY OF CITIZENSHIP

**A. Plaintiff Is a Citizen of Florida.**

For an individual, "[c]itizenship is equivalent to 'domicile' . . . [which is] the place of his true, fixed, and permanent home and principal establishment, and to

which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation omitted). "A person's domicile is determined by a review of the 'totality of the evidence.'" Comprehensive Care Corp v. Katzman, No. 8:09-cv-1375, 2009 WL 3157634, at * 2 (M.D. Fla. Sept. 25, 2009) (citing Jones v. Law Firm of Hill & Ponton, 141 F. Supp. 2d 1349 (M.D. Fla. 2001)).

An assertion of permanent residency sufficiently alleges domicile. See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 (11th Cir. 2011). Additionally, evidence that may be factored into a court's consideration includes affidavits and other testimony, employment records, and place of employment. See e.g., Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1249 (11th Cir. 2005); McDonald v. Equitable Life Ins. Co. of Iowa, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998); Smyth v. Hillstone Rest. Group, Inc., No. 13-80217, 2013 WL 2048188, at *2 (S.D. Fla. May 14, 2013).

Plaintiff is and was at the time of filing the Complaint, and at the time of removal, a citizen of the state of Florida. As alleged in the Complaint, Plaintiff "is an individual who, at all times material, resided in Lee County, Florida." (Compl. at ¶ 7). Additionally, DuraServ's employment records of Plaintiff reflect a Cape Coral, Florida home address, and Plaintiff worked in DuraServ's Fort Myers, Florida location. See **Exhibit 1, Declaration of Chad Hill, at Ex. A**.

Therefore, Plaintiff is domiciled in, and therefore a citizen of, the State of Florida.

**B. Defendant Is a Citizen of Texas and Delaware.**

Diversity of citizenship exists because Defendant is not a citizen of the state of Florida within the meaning of 28 U.S.C. §1332(c)(1). Rather, Defendant is a citizen of Delaware and Texas.

The citizenship of a corporation is determined by its state of incorporation and principal place of business. See Pitts ex rel. Pitts v. Seneca, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). According to the United States Supreme Court's test, set forth in Hertz Corp v. Friend, 559 U.S. 77; 130 S. Ct. 1181 (2010), a corporation's principal place of business is where a corporation's officers direct, control, and coordinate the corporation's activities, sometimes referred to as the corporation's "nerve center." Id. at 93. In practice, the "nerve center" is normally where the corporation maintains its headquarters.

DuraServ Corp. is incorporated in Delaware and maintains its principal place of business at its corporate headquarters at 2200 Luna Rd Ste. 160, Carrollton, Texas 75006. See **Ex. 1**, at **Ex. B**.

Therefore, it is undisputed that DuraServ is a citizen of Delaware and Texas, and so there is complete diversity of jurisdiction.

## III. AMOUNT IN CONTROVERSY

Under 28 U.S.C. §1332(a), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (holding a removing defendant "is not required to prove the amount in controversy beyond all reasonable doubt or to banish all uncertainty about it.")

In determining the amount in controversy, the Court should look to the Complaint. See id. Additionally, when a statute "authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.2d 805, 808, n.4 (11th Cir. 2003); see also Brown v. Cunningham Lindsey U.S., Inc., No. 3:05-cv-141, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (including prospective attorneys' fees in the amount in controversy) (citing Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1265 (11th Cir. 2000)).

The Court is permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in

5

determining whether the face of a complaint . . . establishes the jurisdictional amount." Pretka, 608 F.3d at 770; see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994) (finding that it must appear to a legal certainty that the claim is really for less than the jurisdictional amount in order to justify dismissal for lack of jurisdiction).

Here, Plaintiff's two-count Complaint alleging breach of contract and, in the alternative, unjust enrichment, includes allegations that Plaintiff "earned approximately $300,000 in commission compensation which was still unpaid" and that DuraServ "has failed and refused to pay Plaintiff's earned commissions and instead kept the funds to enrich itself." (Compl. at ¶¶18-19). Plaintiff further "demands judgment against Defendant for unpaid commission and attorney's fees and costs under Fla. Stat. 448.08." (Compl. at p. 3, 4). It is therefore clear from the face of the Complaint and the allegations pled therein that the amount in controversy exceeds $75,000.00. Undersigned counsel further represents that attorneys' fees alone through trial for Plaintiff's counsel would almost certainly exceed $75,000.00.

Based on the above, it cannot be legitimately disputed that the amount in controversy exceeds $75,000.00. See Cowan v. Genesco, Inc., 2014 WL 3417656, at *4 (M.D. Fla. 2014) (noting that the Eleventh Circuit encourages district courts to use "judicial experience and common sense based on the evidence presented and

the nature of the claims alleged in determining whether the jurisdictional threshold is reached.").

## IV. CONCLUSION

The parties have complete diversity of citizenship. Additionally, it is more likely than not that, if Plaintiff were to prevail on her claims, Plaintiff's claims for unpaid commissions or unjust enrichment, and attorneys' fees will exceed the jurisdictional threshold of $75,000.00. Therefore, this Court has jurisdiction over Plaintiff's claims. See 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, Defendant respectfully requests that Annette Combs v. DuraServ Corp, Case No. 23-CA-007047, now pending in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, be removed to this Court and this Court assume jurisdiction over this matter for all further proceedings.

Respectfully submitted this 12th day of July, 2023.

/s/Kevin D. Johnson
Kevin D. Johnson
Florida Bar No.: 13749
Eliza N. Horne
Florida Bar No.: 1018588
Johnson Jackson PLLC
100 N. Tampa Street, Suite 2310
Tampa, FL 33602
Telephone: (813) 580 – 8400
Facsimile: (813) 580 - 8407
E-mail: kjohnson@johnsonjackson.com
ehorne@johnsonjackson.com

7

Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the CM/ECF on this 12th day of July, 2023, which will send a notice of electronic filing to the following:

Jason L. Gunter
Conor P. Foley
Adam C.R. Heisner
**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
jason@gunterfirm.com
conor@gunterfirm.com
adam@gunterfirm.com
Attorneys for Plaintiff

Attorneys for Plaintiff

/s/ Kevin D. Johnson
Attorney